UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEWTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS INC., <br><br> Defendant. | Case No. 23-cv-00116-JD <br><br> **SECOND ORDER RE DISMISSAL** |

Following dismissal of the prior complaint with leave to amend, Dkt. No. 32, plaintiffs Joshua and Alexander Newton filed a second amended complaint (SAC) for claims for breach of contract, fraud, and intentional infliction of emotional distress (IIED) against defendant Meta Platforms, Inc., arising from the company's decision not to publish their advertisements pursuant to a hate speech policy in Facebook's Community Standards. Dkt. No. 33. Meta asks to dismiss the SAC with prejudice pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6). Dkt. No. 36. The parties' familiarity with the record is assumed, and the motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). The case is dismissed.

In the prior dismissal order, the Court concluded that the contract and IIED claims were preempted by Section 230 of the Communications Decency Act, 47 U.S.C. § 230, because they were "based entirely on the allegation that Facebook declined to post plaintiffs' content," which is "a quintessential publishing decision for which Facebook is 'perforce immune.'" Dkt. No. 32 at 3

1  (quoting *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157,
2  1171 (9th Cir. 2008)).  The SAC does not add any new or different facts that might avoid this bar.
3  To the contrary, the SAC again underscores that plaintiffs are challenging a publishing decision
4  made by Facebook.  *See*, *e.g.*, Dkt. No. 33 ¶¶ 114 (contract claim), 127 (IIED claim).  Plaintiffs'
5  suggestion that the contract claims should go forward anyway is not well taken.  The SAC does
6  not plausibly allege that Facebook made a specific promise that might support a cognizable claim
7  under *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1108 (9th Cir. 2009)).

8  For the fraud claim, the SAC again falls short of the requirements of Rule 9(b).  *See* Dkt.
9  No. 32 at 4.  In particular, it still does not plausibly allege that Facebook published a false content
10  moderation policy with knowledge of its falsity.  *See id*. (reciting elements of fraud).  The quoted
11  statements by Facebook, Dkt. No. 33 ¶¶ 40-43, do not say that Facebook will eradicate all hate
12  speech from the platform, and the fact that the Newtons' advertisements were taken down while
13  hate speech was said to stay in circulation on Facebook, *see id*. ¶ 83, does not plausibly allege that
14  the policy was a ruse.  Plaintiffs' suggestions that some of Facebook's content moderators may be
15  antisemitic is tangentially related at best to anything here that might state a claim against
16  Facebook.  *Id*. ¶ 35.

17  For the element of justifiable reliance, the SAC recites substantially identical allegations to
18  those in the original complaint, and fails for the same reasons.  Once again, "Facebook is left to
19  guess … which statements [plaintiffs] saw and relied on, why that reliance was justifiable, and
20  what actions they took (or refrained from taking) in reliance on those statements."  Dkt. No. 32 at
21  5.  Additionally, the fraud claim still does not "account for Facebook's Advertising Policies,
22  which state that it 'reserve[s] the right to reject, approve or remove any ad for any reason, in our
23  sole discretion.'"  *Id*. at 6 (quoting Dkt. No. 17 at 72 [Advertising Policies]).

24  Dismissal is without leave to amend because the Newtons' failure "to correct the
25  deficiencies the Court previously pointed out 'is a strong indication that the plaintiffs have no
26  additional facts to plead.'"  *In re InvenSense, Inc. Sec. Litig.*, No. 15-cv-00084-JD, 2017 WL
27  11673462, at *3 (N.D. Cal. Apr. 12, 2017) (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552

1  F.3d 981, 1007 (9th Cir. 2009)); *see also Doe v. City of Concord*, No. 22-15384, 2024 WL 62949

2  at *3 (9th Cir. Jan. 5, 2024) (unpublished).

**IT IS SO ORDERED.**

Dated: January 9, 2024

JAMES DONATO
United States District Judge